UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELTAYEB ABUELYAMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-1151 |
| ) | |
| **ILLINOIS STATE UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |

### **ORDER**

Now before the Court is Plaintiff Eltayeb Abuelyaman's ("Abuelyaman") Motion for Trial by Jury [#48]. For the reasons set forth below, Abuelyaman's Motion for Trial by Jury is GRANTED.

On June 13, 2007, Abuelyaman filed his Complaint which did not contain a jury demand. On October 4, 2007, Abuelyaman filed his Amended Complaint, which also did not contain a jury demand. Abuelyaman filed his Motion for Trial by Jury on December 24, 2009, over two years after Defendant Illinois State University ("ISU") filed its Answer, and a few days before the Final Pretrial Conference. A bench trial is currently set for February 16, 2010.

At the time Abuelyaman filed his Complaint, under Rule 38(b) of the Federal Rules of Civil Procedure, any party could demand a jury trial by serving upon the other party a jury demand at any time after the commencement of the action, but not later than ten days after service of the last pleading directed to such issue. FED. R. CIV. P. 38(b)(1).[1] Failure to make a

---

[1] As of December 1, 2009, Rule 38(b) has been revised to provide the parties fourteen days, rather than 10, to make a demand for a jury trial. Because Abuelyaman waited over two years to seek a jury trial, he would be untimely under either version of Rule 38(b).

1

jury demand within the specified time constitutes waiver of a jury trial. FED. R. CIV. P. 38(d). However, under Rule 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983) (district court abused its discretion when it denied blind *pro se* plaintiff's untimely motion for jury trial which was made more than one month before trial date assigned).

Other courts in this Circuit have considered five factors in determining whether to grant a late request for a jury trial: 1) whether the issues involved are best tried to a jury, 2) whether the court's schedule or adverse party's schedule will be disrupted if the request is granted, 3) the degree of prejudice to the adverse party, 4) the length of the delay in requesting a jury trial, and 5) the reason for the moving party's tardiness in requesting a jury trial. *Karol v. Bear Stearns & Co., Inc.*, 708 F. Supp. 199, 200 (N.D. Ill. 1989); *AM International, Inc. v. Eastman Kodak Co.*, 648 F. Supp. 506, 507 (N.D. Ill. 1986); *HA-LO Industries, Inc., v. J.P. Morgan Partners* (*In re HA-LO Indus.*), 326 B.R. 116, 122 (Bankr. N.D. Ill. 2005).

It is a close call here and the cases do go both ways. Nevertheless, in weighing all five factors to determine whether to grant Abuelyaman's motion for trial by jury and considering the cases cited by the parties, the Court finds that ISU has failed to present strong and compelling reasons to deny Abuelyaman's request. Though mere inadvertence of counsel is alone insufficient here to grant the untimely jury demand, the other factors preclude denial of Abuelyaman's motion. ISU's representations fail to show substantial prejudice in the event a jury trial is granted, particularly where meetings with potential witnesses would occur in either a

bench or jury trial, and motions *in limine* have not yet been filed.[2] See *Laurence,* 1990 WL 165596, at *2 (district court explained that "the length of the delay is to be considered in the context of the prejudice which it causes to the adverse party").

Accordingly, for the reasons set forth above, Abuelyaman's Motion for Trial by Jury [#48] is GRANTED.

ENTERED this 14th day of January, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[2] Motions *in limine* are due January 25, 2010.