UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELTAYEB ABUELYAMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1151 |
| | ) |
| ILLINOIS STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Eltayeb Abuelyaman's ("Abuelyaman") Motion in Limine [#53]. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Abuelyaman was employed by Defendant Illinois State University's ("ISU") School of Information Technology from the fall of 2001 until the fall of 2006 as a probationary, tenure-track Associate Professor. He was the only non-tenured Associate Professor in the IT School. He is of Yemeni and Saudi Arabian descent, and is Muslim. The IT School's School Faculty Status Committee ("SFSC") annually evaluates probationary, tenure-track faculty members, and makes recommendations on reappointment, tenure and promotion, and pay raises. Student evaluations are considered by the SFSC when it does its own evaluation of faculty members. The 2006 SFSC members made the decision not to reappoint Abuelyaman, and he was told in a letter dated March 16, 2006, that he would not be reappointed past May 15, 2007.

Abuelyaman brought suit against ISU claiming retaliation and discrimination on the basis of his race, national origin, and religion. ISU's motion for summary judgment was granted on

1

Abuelyaman's discrimination claim. The parties now proceed to trial on Abuelyaman's claim that he was not reappointed as retaliation for his alleged complaints regarding student evaluations and the fall 2005 search committee process to fill a Telecommunications Management position. Abuelyaman has filed his Motion in Limine seeking to exclude a portion of his deposition statements regarding ISU students. The matter is fully briefed, and this Order follows.

## DISCUSSION

Abuelyaman asks the Court to bar any mention at the trial of certain portions of his deposition testimony where he discussed the reasons why he believed ISU students were biased against foreign-born faculty of color. The following exchange took place:

> Q. Okay. Do you believe that - was your allegation essentially that you thought that the students at ISU were racist?
>
> A. I wouldn't put it as racist, but here is the way I put it. I came from Arizona State, and there's a difference between the students at Arizona State and over here. Arizona State pretty much is a city, and I had a couple of students come in to me and telling me the fact that I mean with no - excuse me, I'm just going to have to say it, what the student said, that people who grow up in these areas, they don't like foreigners, something of that effect. One student came one time and he told me this, and it was very clear.
> Because when I came, I came with high expectations of the students, and I was always giving them very challenging projects, very challenging questions, open-ended questions. And I just did not - did not see that they were - they were up to that level.
> And there is a huge research base which is very clear. It identifies people who do not get good student evaluation was tough graders, and there's a huge research base which says this was soft graders and to have good evaluation.
>
> Q. Okay, Was that -
>
> A. So I did not want to compromise my level, my quality. And I state and I - and I thought that I would make a statement, I would force my students to work hard and to do well. But like I said, I have not been receiving good evaluation from them although I have received above average evaluations throughout my career,

> including Arizona Sate. But the only difference between there and here is that Arizona is not in the middle of the corn, with all due respect. There's nothing against -

Abuelyaman argues that his comments about ISU students versus Arizona State University students, and that ISU is located in the middle of corn are irrelevant to his retaliation claim under Title VII. Federal Rule of Evidence 401 defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Abuelyaman asserts that this particular portion of his deposition testimony about the alleged student bias relates to his discrimination claim which is no longer at issue.

ISU argues that the testimony Abuelyaman seeks to exclude is relevant to the issue of whether his complaints were protected by Title VII, because the testimony reflects his complaint and motive for speaking. To succeed on a Title VII retaliation claim under the direct method, a plaintiff must present evidence of: 1) a statutorily protected activity, 2) an adverse action taken by the employer, and 3) a causal connection between the two. *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006). Abuelyaman's comments about Arizona State being in a city and that ISU students "don't like foreigners" are relevant to his motive for making the allegedly statutorily protected statements. Furthermore, Federal Rule of Evidence 403 does not operate to bar those statements. Federal Rule of Evidence 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The probative value of Abuelyaman's statements is not substantially outweighed by the danger of unfair prejudice. Therefore,

Abuelyaman's motion is denied in regard to those statements.

Abuelyaman's further statement, "But the only difference between there and here is that Arizona is not in the middle of the corn, with all due respect[]", is also somewhat relevant to his motive for complaining. He argues, however, that this particular portion of his deposition testimony would prejudice members of the jury against him because jurors could interpret the statement as insulting ISU students and the Central Illinois region generally. His statement could, indeed, be interpreted in that way. ISU continues to insist that Abuelyaman's opinion bears directly on whether his speech is statutorily protected, and that it is highly unlikely that jurors will decide the case based upon emotion because of these few comments. Nevertheless, this marginally relevant statement is substantially outweighed by the danger of unfair prejudice, given that the jury will consist of people from the very region that he speaks of. Therefore, Abuelyaman's motion is granted in regard to this particular statement.

## **CONCLUSION**

For the reasons set forth herein, Abuelyaman's Motion in Limine [#53] is GRANTED IN PART and DENIED IN PART. The Court does not otherwise bar ISU from using any of the above-quoted statements as a potential avenue of impeachment provided such a situation presents itself.

ENTERED this 5th day of February, 2010.

s/Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge