UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELTAYEB ABUELYAMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1151 |
| | ) |
| ILLINOIS STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Eltayeb Abuelyaman's ("Abuelyaman") Motion for New Trial. For the reasons set forth below, the Motion [#102] is DENIED.

## BACKGROUND

On October 4, 2007, Abuelyaman filed his Amended Complaint alleging retaliation and discrimination on the basis of his race, national origin, and religion against Defendant Illinois State University ("ISU"). On July 1, 2009, ISU moved for summary judgment, arguing that Abuelyaman's contract as an Associate Professor in the University's School of Information Technology ("IT School") was not renewed because he failed to exhibit sustained evidence of high quality performance. In its Motion for Summary Judgment, ISU further argued that Abuelyaman could not make out his prima facie case of discrimination or retaliation. On November 13, 2009, the Court granted ISU's motion on Abuelyaman's discrimination claim and denied its motion on his retaliation claim. In doing so, the Court found that the evidence was insufficient to create a triable issue as to whether ISU's termination of Abuelyaman was impermissibly motivated by racial discrimination or disparate treatment based on race. The Court further found that in regard to his retaliation claim, there was a genuine issue as to whether

1

Abuelyaman could establish a causal connection between his complaints of discrimination and his termination.

On July 6, 2010, this case went to trial on the issue of whether Abuelyaman's teaching contract was not renewed in retaliation for complaints he allegedly made regarding student evaluations as unfairly biased against foreign-born faculty of color, and regarding complaints he made about the IT School's director's participation in a search committee. On the second day of trial at the close of Abuelyaman's case, ISU moved for judgment as a matter of law, which the Court denied in part and took under advisement in part. The part taken under advisement, regarding the IT School director's participation in a search committee process, was subsequently granted on July 8, 2010. The jury was therefore left with only the issues of: 1) whether Abuelyaman complained about ISU's overemphasis on student evaluations, and 2) whether the School Faculty Status Committee would have voted to renew his contract had Abuelyaman not complained about ISU's use of student evaluations. The jury entered its verdict in favor of Defendant ISU on July 8, 2010. The Judgment in favor of ISU was entered on the Court's electronic docketing system on July 12, 2010.

Abuelyaman now seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a). He alleges that the exclusion of certain evidence relating to other professors within the IT School resulting from the Court's grant of ISU's motions in limine and its ruling on summary judgment constitutes prejudicial error regarding his retaliation claim. He further contends that the Court's dismissal of that evidence contributed to the erroneous grant of ISU's Motion for Summary Judgment regarding Abuelyaman's discrimination claim. Finally, he contends that the Court erred in granting ISU's Motion for Judgment as a Matter of law. Defendant ISU has filed its

2

Response, and this Order follows.

## DISCUSSION

Federal Rule of Civil Procedure 59(a)(1)(A) provides that a "court may, on motion, grant a new trial on all or some of the issues - - and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). A trial court may grant a motion for new trial where "the clear weight of the evidence is against the jury verdict, the damages are excessive or for some other reason the trial was not fair to the moving party." *Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1293 (7th Cir. 1993), *citing Walden v. Illinois Central Gulf R.R.*, 975 F.2d 361, 365 (7th Cir. 1992). Additionally, a court may grant a motion for a new trial for newly discovered evidence, the court's or counsel's conduct has tainted the verdict, or misconduct affecting the jury. *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2805 (2d ed. 1995).

Here, ISU argues that Abuelyaman's instant Motion for New Trial was untimely filed and therefore should be denied. Federal Rule of Civil Procedure 59 provides that such a motion for new trial must be filed no later that 28 days after the entry of judgment. FED. R. CIV. P. 59(b). For purposes of this case, judgment was entered on July 12, 2010. *See* FED. R. CIV. P. 58(c)(2)(A) and (B) (detailing that judgment is entered, if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and it is set out in a separate document or 150 days have run from entry in the civil docket, whichever event occurs first). Therefore, to have been timely filed, Abuelyaman must have filed his Motion for New Trial on or before August 9, 2010.

Abuelyaman filed his Motion for New Trial on August 10, 2010, at 12:02:11 a.m. Local Rule 5.7(A)(3) provides that a document filed electronically by 11:59 p.m. central standard time is deemed filed on that date. Abuelyaman's Motion was therefore untimely filed. He filed a Reply brief in which he explains that the delay in the filing of his post-trial motion was due to factors beyond his reasonable control, namely, a computer error.[1] However, Local Rule 5.7(D)(2)(b) provides that, "Problems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP) or hardware or software problems will neither constitute a technical failure nor excuse an untimely filing." Here, Abuelyaman's counsel 's explanation for the late filing makes clear that it was due to problems on the filer's end when counsel states that her computer froze as the motion was being converted from Microsoft Word to PDF.[2] Federal Rule of Civil Procedure 6(b)(2) states that "A court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . ." Accordingly, Abuelyaman's Motion for New Trial was untimely filed, and because the Court cannot extend the time to act under Rule 6, his Motion is denied.

---

[1] The Court parenthetically notes that Abuelyaman improperly filed a Reply brief without first seeking leave of the Court. Local Rule 7.1(B)(3) provides that no reply to a response is permitted where the original motion raising a question of law is not a summary judgment motion.

[2] The Court again notes that Abuelyaman's counsel did not properly follow Local Rules in defending the untimely filing of the Motion for New Trial. Local Rule 5.7(D)(2)(b) further provides that if a party misses a filing deadline because of such problems, the document may be conventionally filed with a Declaration stating the reason for the missed deadline and a motion for leave to file instanter by 12:00 noon the first business day the Court is open following the original deadline. Abuelyaman's counsel did not file a motion for leave to file instanter, and did not explain the reason for untimely filing until Abuelyaman filed his Reply to ISU's Response to the Motion for New Trial on September 9, 2010.

## CONCLUSION

For the reasons set forth above, Plaintiff Abuelyaman's Motion for New Trial [#102] is DENIED.

ENTERED this 25th day of October, 2010.

                                                    s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                    United States District Judge