UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELTAYEB ABUELYAMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1151 |
| | ) |
| ILLINOIS STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Eltayeb Abuelyaman's ("Abuelyaman") Motion for Extension of Time for Filing Notice of Appeal. For the reasons set forth below, the Motion [#104] is GRANTED.

## BACKGROUND

On October 4, 2007, Abuelyaman filed his Amended Complaint alleging retaliation and discrimination on the basis of his race, national origin, and religion against Defendant Illinois State University ("ISU"). On July 1, 2009, ISU moved for summary judgment, arguing that Abuelyaman's contract as an Associate Professor in the University's School of Information Technology ("IT School") was not renewed because he failed to exhibit sustained evidence of high quality performance. In its Motion for Summary Judgment, ISU further argued that Abuelyaman could not make out his prima facie case of discrimination or retaliation. On November 13, 2009, the Court granted ISU's motion on Abuelyaman's discrimination claim and denied its motion on his retaliation claim. In doing so, the Court found that the evidence was insufficient to create a triable issue as to whether ISU's termination of Abuelyaman was

1

impermissibly motivated by racial discrimination or disparate treatment based on race. The Court further found that in regard to his retaliation claim, there was a genuine issue as to whether Abuelyaman could establish a causal connection between his complaints of discrimination and his termination.

On July 6, 2010, this case went to trial on the issue of whether Abuelyaman's teaching contract was not renewed in retaliation for complaints he allegedly made regarding student evaluations as unfairly biased against foreign-born faculty of color, and regarding complaints he made about the IT School's director's participation in a search committee. On the second day of trial at the close of Abuelyaman's case, ISU moved for judgment as a matter of law, which the Court denied in part and took under advisement in part. The part taken under advisement, regarding the IT School director's participation in a search committee process, was subsequently granted on July 8, 2010. The jury was therefore left with only the issues of: 1) whether Abuelyaman complained about ISU's overemphasis on student evaluations, and 2) whether the School Faculty Status Committee would have voted to renew his contract had Abuelyaman not complained about ISU's use of student evaluations. The jury entered its verdict in favor of Defendant ISU on July 8, 2010. The Judgment in favor of ISU was entered on the Court's electronic docketing system on July 12, 2010.

Abuelyaman now requests that he be granted an extension of time in order to file his Notice of Appeal. He also filed a Motion for New Trial which was denied by the Court as untimely. Defendant ISU did not file a Response to Abuelyaman's Motion for Extension of Time for Filing Notice of Appeal. This Order follows.

**DISCUSSION**

Federal Rule of Appellate Procedure 4(a) provides that in a civil case, a notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. FED. R. APP. P. 4(a)(1)(A). Because Abuelyaman did not timely file his Notice of Appeal by August 11, 2010, he seeks relief pursuant to Rule 4(a)(5)(A). That rule provides:

> **(A)** The District court may extend the time to file a notice of appeal if:
>
>> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

"The test as to what constitutes excusable neglect is an 'equitable one,' taking account of 'all relevant circumstances surrounding the party's omission.'" *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998), *citing Pioneer Inv. Services Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). The circumstances to consider include danger of prejudice to the non-moving party, length of the delay and any impact it may have on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Id.*

Here, Abuelyaman's counsel states that she logged into the Court's electronic docketing system ("CM/ECF"), attempted to file and serve ISU with a Notice of Appeal on August 10, 2010, and believed she had successfully done so at that time. She further states that on that same day, prior to attempting to file and serve the Notice of Appeal on CM/ECF, counsel called the Clerk's Office and provided it with her credit card information to process the filing fee payment. Abuelyaman's counsel explains that after logging into CM/ECF on August 10, 2010, she mailed Elisabeth Efird, co-counsel for Abuelyaman, a copy of the Notice of Appeal. Counsel has

3

attached her own affidavit, an affidavit by Efird, and a PDF snapshot of the computer properties of Abuelyaman's original Notice of Appeal. That snapshot indicates that counsel created and modified the document on August 10, 2010, at 3:03:17 p.m. A Word snapshot also indicates that the document was created and modified on August 10, 2010.

Given that Abuelyaman's counsel can show that she created and modified the Notice of Appeal document on August 10, 2010, coupled with counsel's other conduct that same day, she has sufficiently shown she acted in good faith in order to timely file Abuelyaman's Notice of Appeal. Abuelyaman suggests that ISU knew of his intent to appeal the final judgment because he filed other post-trial motions.[1] While it would require speculation as to whether ISU did, indeed, know of Abuelyaman's intent to appeal the final judgment, it is significant that ISU did not file any type of Response or objection to the instant Motion for Extension of Time. The instant Motion for Extension of time was filed only 6 days after the Notice of Appeal had to be filed. Counsel's explanation suggests that the reason for delay in timely filing the Notice of Appeal was that she believed she had properly filed on August 10, 2010. After considering the above relevant circumstances, the Court finds that Abuelyaman has shown excusable neglect for failing to timely file his Notice of Appeal.

---

[1] Abuelyaman filed only one other post–trial motion, a Motion for New Trial. *See* Docket Entry #102.

## CONCLUSION

For the reasons set forth above, Plaintiff Abuelyaman's Motion for Extension of Time for Filing Notice of Appeal [#104] is GRANTED. Abuelyaman's Notice of Appeal [#105] is docketed in this case as of August 17, 2010, and the Short Record of Appeal [#106] was sent to the Seventh Circuit Court of Appeals on August 18, 2010.

ENTERED this 25th day of October, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge